IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHELLEY FOREMAN,

    Plaintiff,

vs.                                        Civil Action No.:

SOLERA HOLDINGS, INC., a foreign for
profit Corporation, and
DMEAUTOMOTIVE, LLC, a Foreign
Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHELLEY FOREMAN ("Plaintiff" or "Foreman"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, SOLERA HOLDINGS, INC., a Foreign for profit Corporation ("Solera") and DMEAUTOMOTIVE, LLC, a Foreign Limited Liability Company, ("DMEAUTOMOTIVE"), (Collectively "Defendant") and states as follows:

**INTRODUCTION**

1.    This is an age discrimination action brought pursuant the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq*. ("ADEA") as well as Fla. Stat. 760 *et. seq*. (the "FCRA"), by SHELLEY FOREMAN, a 63-year-old account manager who was terminated from her employment for no reason other than her age. Ms. Foreman seeks all legal and equitable relief available under the ADEA.

**NATURE OF THE ACTION**

2.    Ms. Foreman is pursuing claims for unlawful age discrimination. At the time of her termination, Ms. Foreman was employed as an account manager for Defendant. Ms.

1

Foreman was a stellar employee, who worked for the Defendant for approximately 5 years and throughout the duration of her employment was never disciplined, counseled, or otherwise warned that her performance was lacking and that her job was in jeopardy. In May 2017 Ms. Foreman was informed that Defendant DMEAUTOMOTIVE was instituting a staff reduction and her position was being terminated. On information and belief those employees whose positions were terminated were primarily over the age of forty (40). Further, shortly after her termination Ms. Foreman's position was advertised and the individual hired for Ms. Foreman's position was under the age of forty (40).

3. Ms. Foreman seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount she is found to be entitled; (iii) liquidated damages in whatever amount she is found to be entitled; (iv) an award of interest, costs and reasonable attorney's fees and expert witness fees; (v) punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

**JURISDICTION, PARTIES, VENUE**

4. This Court has federal-question jurisdiction pursuant 28 U.S.C. §1331. The Court has jurisdiction to grant declaratory relief and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants reside and regularly conducts business in this judicial district.

6. At all times material to this action, Plaintiff was a resident of Flagler County, Florida.

7. At all times material to this action, DMEAUTOMOTIVE, LLC, was, and

continues to be, a Foreign Limited Liability Company, engaged in business in Florida, doing business in Volusia County, Florida.

8. At all times material to this action SOLERA HOLDINGS, INC. was and continues to be, a Foreign for Profit Corporation, engaged in business in Florida, doing business in Volusia County, Florida.

9. Defendants share a common corporate address, website, telephone number, human resources department, payroll system, accounting personnel, directors and medical insurance.

10. All profits and/or losses of the subsidiaries are consolidated by Solera Holdings.

11. Defendant SOLERA and the subsidiaries have joined and combined to form and constitute a joint employer and/or single enterprise by:

(a) performing related activities;

(b) the degree of control SOLERA and its employees demonstrate over the subsidiaries;

(c) the degree of supervision SOLERA has over the work of the subsidiaries;

(d) SOLERA has the right to hire, fire, or modify the employment conditions of the employees of the subsidiaries.

12. At all times material to this action Defendants directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

13. Plaintiff, SHELLEY FOREMAN, was at the time material to this Complaint a 63 year-old woman.

14. At all material times, Plaintiff was protected by the ADEA because she is over forty years of age.

15. At all material times, Plaintiff was protected by the FCRA by virtue of her age.

16. From October 2012 to her termination on or about May 5, 2017, Plaintiff was employed as an account manager with DMEAUTOMOTIVE located in Daytona Beach, Florida.

17. From approximately June 2015 to her termination on or about May 5, 2017, Plaintiff was employed as an account manager with SOLERA located in Daytona Beach, Florida.

18. At all material times, Plaintiff was and is an "employee" as contemplated by the ADEA.

19. At all material times, Plaintiff was and is an "employee" as contemplated by the FCRA.

20. At all times material, Defendants were an "employer" as contemplated by the ADEA.

21. At all times material, Defendants were an "employer" as contemplated by the FCRA.

22. Defendants do business in this judicial district and the majority of the acts complained of took place in this judicial district.

## CONDITIONS PRECEDENT

23. Plaintiff has exhausted her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

24. On March 26, 2019, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue against DMEAutomotive with regard to this matter. A copy of the Right to Sue letter is attached as **Exhibit A**.

25. Plaintiff files this complaint within the applicable statute of limitations.

26. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charge, and the Court

4

has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

27. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

28. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 621 et seq. because it intentionally discriminated against Plaintiff based upon her age.

29. Defendants discriminated against Ms. Foreman on account of her age when it terminated her position and shortly thereafter posted the position of Account Manager and replaced the Plaintiff with a younger account manager with lesser qualifications.

30. Ms. Foreman began employment with Defendants on or about October 2012, as an Account Manager at the Daytona Beach, Florida location.

31. Ms. Foreman was a stellar employee, who worked for the Defendants for approximately 5 years and throughout the duration of her employment was never disciplined, counseled, or otherwise warned that her performance was lacking and that her job was in jeopardy.

32. At the time of her termination, Ms. Foreman was 61 years old, and was, on information and belief, one of the oldest account managers and employees of the Defendants.

33. On information and belief, after Ms. Foreman was terminated, she was replaced by a younger and less qualified individual.

34. The Defendants' reason for terminating Ms. Foreman's employment was that the company was allegedly downsizing and eliminating Ms. Foreman's position.

35. By at least May 30, 2017, Defendants began advertising for a full time Account Manager position in the Daytona location.

36. Defendants' stated reason for terminating Ms. Foreman's employment is pretextual.

37. Defendants' action in terminating Ms. Foreman constitutes discrimination in violation of the ADEA and the FCRA.

38. Defendants' actions were willful as Defendants knew or had reason to know that its actions violated federal law, yet Defendants acted wantonly or with reckless disregard for the law.

39. Defendants are liable for the actions of its managers and/or agents taken within the scope of their employment with Defendants and its related entities, including the decision to utilize age as a factor in terminating Plaintiff.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA
## AGAINST SOLERA HOLDINGS, INC.

40. Plaintiff re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . " 29 U.S.C. § 623(a).

42. Plaintiff was an employee of SOLERA within the meaning of the ADEA.

43. Plaintiff is over the age of 40.

44. SOLERA was an employer within the meaning of the ADEA.

45. Plaintiff was qualified for her job as an account manager.

46. Plaintiff was terminated from her position on account of her age.

47. Shortly after the Plaintiff's termination SOLERA began to advertise for the position of Account Manager, the same position Ms. Foreman was advised had been eliminated.

48. On information and belief, shortly after her termination Plaintiff was replaced by a younger account manager with lesser qualifications.

49. The subjection of Plaintiff to disparate treatment and adverse employment actions by SOLERA in whole or substantial part because of her age was a violation of the ADEA, 29 U.S.C. § 623(a). *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

50. Additionally, SOLERA'S selection criteria regarding their reduction in force disparately impacted Plaintiff and other similarly situated employees who were over the age of 40 and comprised the majority of employees who were terminated.

51. SOLERA has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

52. The age-discriminatory conduct of SOLERA and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

53. SOLERA'S treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination, for which there is no adequate remedy at law.

54. SOLERA'S age-discriminatory behavior towards Plaintiff was willful, entitling her to liquidated damages.

55. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of SOLERA'S violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

56. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA
## AGAINST DMEAUTOMOTIVE, LLC.

57. Plaintiff re-alleges paragraphs 1 through 39 as if fully set forth herein.

58. The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . " 29 U.S.C. § 623(a).

59. Plaintiff was an employee of DMEAUTOMOTIVE within the meaning of the ADEA.

60. Plaintiff is over the age of 40.

61. DMEAUTOMOTIVE was an employer within the meaning of the ADEA.

62. Plaintiff was qualified for her job as an account manager.

63. Plaintiff was terminated from her position on account of her age.

64. Shortly after the Plaintiff's termination DMEAUTOMOTIVE began to advertise for the position of Account Manager, the same position Ms. Foreman was advised had been eliminated.

65. On information and belief, shortly after her termination Plaintiff was replaced by a younger account manager with lesser qualifications.

66. The subjection of Plaintiff to disparate treatment and adverse employment actions by DMEAUTOMOTIVE in whole or substantial part because of her age was a violation of the ADEA, 29 U.S.C. § 623(a). *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

67. Additionally, DMEAUTOMOTIVE'S selection criteria regarding their reduction in force disparately impacted Plaintiff and other similarly situated employees who were over the age of 40 and comprised the majority of employees who were terminated.

68. DMEAUTOMOTIVE has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

69. The age-discriminatory conduct of DMEAUTOMOTIVE and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

70. DMEAUTOMOTIVE'S treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination, for which there is no adequate remedy at law.

71. DMEAUTOMOTIVE'S age-discriminatory behavior towards Plaintiff was willful, entitling her to liquidated damages.

72. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of DMEAUTOMOTIVE'S violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

73. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

## COUNT III

### UNLAWFUL DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (AGE) AGAINST SOLERA HOLDINGS, INC

74. Plaintiff incorporates paragraphs 1-39 as if fully set forth herein.

75. The Florida Civil Rights Act makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age." Fla. Stat. 760.10.

76. Plaintiff was an employee of SOLERA within the meaning of the FCRA.

77. Plaintiff is over the age of 40.

78. SOLERA was an employer within the meaning of the FCRA.

79. Plaintiff was qualified for her job as an Account Manager.

80. Plaintiff was terminated on account of her age.

81. Shortly after Plaintiff's termination SOLERA began to advertise for the position of Account Manager, the same position Ms. Foreman was advised had been eliminated.

82. On information and belief, Plaintiff was replaced by a younger employee with lesser qualifications.

83. The subjection of Plaintiff to disparate treatment and adverse employment actions by SOLERA in whole or substantial part because of her age was a violation of the FCRA. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

84. Additionally, SOLERA's selection criteria regarding their reduction in force disparately impacted Plaintiff and other similarly situated employees who were over the age of 40 and comprised the majority of employees who were terminated

85. SOLERA has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

86. The age-discriminatory conduct of SOLERA and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

87. SOLERA's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination, for which there is no adequate remedy at law.

88. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of SOLERA's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

89. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

## COUNT IV

### UNLAWFUL DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (AGE) AGAINST DMEAUTOMOTIVE

90. Plaintiff incorporates paragraphs 1-39 as if fully set forth herein.

91. The Florida Civil Rights Act makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age." Fla. Stat. 760.10.

92. Plaintiff was an employee of DMEAUTOMOTIVE within the meaning of the FCRA.

93. Plaintiff is over the age of 40.

94. DMEAUTOMOTIVE was an employer within the meaning of the FCRA.

95. Plaintiff was qualified for her job as an Account Manager.

96. Plaintiff was terminated on account of her age.

97. Shortly after Plaintiff's termination DMEAUTOMOTIVE began to advertise for the position of Account Manager, the same position Ms. Foreman was advised had been eliminated.

98. On information and belief, Plaintiff was replaced by a younger employee with lesser qualifications.

99. The subjection of Plaintiff to disparate treatment and adverse employment actions by DMEAUTOMOTIVE in whole or substantial part because of her age was a violation of the FCRA. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

100. Additionally, DMEAUTOMOTIVE's selection criteria regarding their reduction in force disparately impacted Plaintiff and other similarly situated employees who were over the age of 40 and comprised the majority of employees who were terminated.

101. DMEAUTOMOTIVE has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

102. The age-discriminatory conduct of DMEAUTOMOTIVE and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

103. DMEAUTOMOTIVE's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination, for which there is no adequate remedy at law.

104. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of DMEAUTOMOTIVE's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

105. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, cost of suit, attorneys' fees and all such other relief as the court deems just and proper which include entry of judgment including but not limited to the following:

   a. Declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of the ADEA and FCRA;

   b. Award Plaintiff all lost wages, past and future, and other monetary damages to which she is entitled to including interest;

   c. Award Plaintiff compensatory damages in whatever amount she is found to be entitled;

    d. Award Plaintiff liquidated damages in whatever amount she is found to be entitled;;

    e. Award Plaintiff punitive damages in whatever amount she is found to be entitled;

    f. Award of interest, costs and reasonable attorneys and expert witness fees;

    g. Award of equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate or available pursuant to statutes cited herein or otherwise.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 20th day of June, 2019.

        Respectfully submitted,

        **MORGAN & MORGAN, P.A.**

        *s/ Paul M. Botros*
        Paul M. Botros, Esquire
        FL Bar No.: 063365
        MORGAN & MORGAN, P.A.
        8151 Peters Road, Suite 4000
        Plantation, FL 33324
        Tel: 954-318-0268
        Fax: 954-327-3017
        E-mail: pbotros@forthepeople.com
        *Trial Counsel for Plaintiff*